UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 24-12394-JGR |
| CHOICE MARKET HOLDINGS, INC. | ) | Chapter 11 |
| EIN: 88-2490456 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| CHOICE MARKET UPTOWN, LLC | ) | Case No. 24-12396-JGR |
| EIN: 84-3421544 | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| CHOICE MARKET BANNOCK, LLC | ) | Case No. 24-12397-JGR |
| EIN: 47-2515577 | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | **Jointly Administered Under Case No.** |
| | ) | **24-12394-JGR** |

**MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR AN ORDER AUTHORIZING (A) PAYMENT OF PREPETITION EMPLOYEE WAGES AND SALARIES AND (B) PAYMENT OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS**

The Debtors, Choice Market Holdings, Inc. ("Holdings"), Choice Market Uptown, LLC ("Uptown"), and Choice Market Bannock, LLC ("Bannock" and together, "Debtors"), by and through their attorneys, Kutner Brinen Dickey Riley, P.C., moves the Court for entry of an order authorizing: (a) payment of prepetition employee wages and salaries; and (b) payment of all costs and expenses incident to the foregoing payments, and as grounds therefor states as follows:

1. The Debtors filed their respective Voluntary Petitions pursuant to Chapter 11, Subchapter V, of the Bankruptcy Code on May 6, 2024 ("Petition Date"). The Debtors remain debtors in possession and are in operation of their business pursuant to 11 U.S.C. §§ 1107, 1108 and 1182.

2. Holdings is a Colorado Corporation that owns and operates Choice Market grocery and convenience store locations in Denver, Colorado through its subsidiary entities. On the Petition Date, Holdings was operating two stores located on Bannock Street and Broadway and

owned by the Debtor's subsidiary entities, Choice Market Bannock, LLC and Choice Market Uptown, LLC.

## Employee Payroll Obligation

3. The Debtors currently employ 12 employees across both locations and at Holdings ("Employees"). The Debtors pays their Employees on a bi-weekly basis.

4. As of the Petition Date, the Debtor owed their Employees approximately $52,916.09 in net wages earned between April 29, 2024 and May 6, 2024, in addition to the employer tax liability ("Employee Payroll Obligation"). The amounts owed to Employees is set forth in more detail on Exhibit A.

5. It is necessary for the Debtors to compensate the Employees on a timely basis. Substantial delays in paying the Employee Payroll Obligation will adversely affect the Debtors' relationship with their Employees. The continued and uninterrupted service of the Employees is essential to the Debtor's continued operations and restructuring efforts.

6. Each of the Employees provides services that are integral to the Debtor's business operations, including filling prescriptions, managing patient care, and handling billing in accordance with Medicare requirements.

7. As such, the Debtors requests authority to pay, in their sole and absolute discretion, any pre-petition Employee Payroll Obligation and related liabilities, including employee and employer paid taxes.

## Legal Authority

8. Pursuant to 11 U.S.C. § 507(a)(4), each Employee may be granted a priority claim for:

> allowed unsecured claims, but only to the extent of $15,150 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the Debtor's business, whichever occurs first, for –
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
>
> (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the Debtor in the ordinary course of the Debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the

> individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the Debtor.

11 .S.C. § 507(a)(4).

9. As set forth on Exhibit A, the Employee Payroll Obligation totals approximately $52,916.09 spread among 12 employees, and the payments made to each of the Employees and for the employer tax obligation will be well below the $15,150 maximum for each Employee under 11 U.S.C. §507(a)(4). All of the Employee claims that the Debtors seeks to pay in the ordinary course of business are entitled to priority pursuant to Bankruptcy Code § 507(a)(4). Granting the relief sought herein with respect to claims entitled to such priority would affect only timing, and not the amount, of the payment to be made to the Employees.

10. Pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and the "necessity of payment" doctrine, the Debtors seek authority to pay their outstanding Employee Payroll Obligation and costs and expenses incident thereto (collectively as "Obligations").

11. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor-in-possession to use property of the estate other than in the ordinary course of business after notice and a hearing. Section 105(a) of the Bankruptcy Code further provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

12. In general, the Bankruptcy Code's priority scheme "constitutes a basic underpinning of business bankruptcy law." *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017). In the context of first-day motions, including a motion to pay pre-petition employee wages, courts have repeatedly held that there are "significant Code-related objectives" that are served by allowing the exceptions, such as the "necessity of payment doctrine," to the priority distribution scheme. *See id.* at 985; *In re Nine W. Holdings, Inc.*, 588 B.R. 678, 690 (Bankr. S.D.N.Y. 2018).

13. A substantial Code-related objective exists to authorize the payment of pre-petition employee wages. The Employees rely on their wages and compensation to pay for the basic necessities of life, rent, food, and energy. If the Debtors fail to pay the Employees on time, it will result in a substantial hardship to the Employees and will result in many of the Employees seeking other employment.

14. Retention of the Employees is vital to preserving the value of the Debtors' business. If the Employees seek employment elsewhere, the Debtors would have difficulty finding new employees given the current Colorado job market, and would have to hire and train new employees to replace any Employees who left, resulting in additional costs and expenses for the Debtor. Additionally, the Debtor would lose substantial business while they hired and trained replacements.

15. Even if Employees remain with the Debtors, it will be difficult for the Debtors to maintain the morale and dedication of the Employees if the Debtors are not authorized to pay the Obligations, resulting in a decrease of business for the Debtors.  Such a result would negatively affect the value of the Debtors' business and the Debtors' ability to successfully reorganize.  The continued support of the Debtors' reorganization efforts by the Employees is critical.  As such, it is in the best interests of the Debtor, creditors and the estate for the Debtor to be authorized pay the Obligations.

16. The Debtors will have sufficient funds on hand to pay the Obligations.  The Debtors' funds are cash collateral in which one or more secured creditors has an interest.  All secured creditors will receive notice of this Motion on an expedited basis.

WHEREFORE, the Debtors pray that the Court make and enter an order authorizing the Debtors, in their sole discretion, to pay the Obligations to their Employees and related parties, including taxing authorities, that accrued but remained unpaid as of the Petition Date, and for such further and additional relief to the Court may appear proper.

DATED: May 13, 2024                           Respectfully submitted,

By:   /s/  Keri L. Riley
Keri L. Riley, #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone:  (303) 832-2400
E-mail: klr@kutnerlaw.com